UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIANS FOR ALTERNATIVES TO TOXICS**, <br><br> Plaintiff, <br><br> v. <br><br> **KERNEN CONSTRUCTION CO., ET AL.**, <br><br> Defendants. | Case No. 16-cv-04007-YGR <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. No. 32 |

Plaintiff Californians for Alternatives to Toxics brings this action against defendants Kernan Construction Co., Bedrock Investments LLC, Scott Farley, and Kurt Kernen for alleged violations of the Clean Water Act, 33 U.S.C. sections 1311 and 1342 (the "CWA"), and California Health and Safety Code section 25249.5. Generally, plaintiff alleges that defendants failed to comply with certain requirements imposed by a discharge permit issued pursuant to the CWA and unlawfully discharged certain pollutants in violation of California's health laws.

Now before the Court is defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Defendants argue that plaintiff failed to comply with certain jurisdictional notice requirements under the CWA. Specifically, defendants contend that plaintiff's notice was deficient because its status as a corporation was suspended at the time the notice was sent and at the time the complaint in this action was filed. Plaintiff has since reclaimed active corporate status.

---

[1] Defendants also purport to raise Rule 12(b)(6) issues for failure to state a claim, yet argue in this regard only that plaintiffs "fail to allege facts sufficient to state a claim for Discharge of Pollutants due to the court's lack of jurisdiction." (Dkt. No. 32 at 2.) Such does not appear to be a Rule 12(b)(6) issue and is the very same issue addressed in defendants' Rule 12(b)(1) argument. The Court will thus address such issue in the context of Rule 12(b)(1) and will not address the same separately.

Having carefully considered the pleadings and the papers submitted on this motion, and for the reasons set forth more fully below, the Court **DENIES** defendants' motion.[2]

## I. BACKGROUND

Generally, plaintiff alleges that defendants have unlawfully operated a facility and discharged certain pollutants in violation of the CWA and California regulations. As will be discussed in more detail below, for private citizens to bring such claims, they must comply with certain notice requirements. Defendants challenge plaintiff's compliance therewith.

By way of background, the CWA gives any individual the ability to commence a civil action on their own behalf against any person alleged to be in violation of certain provisions of the CWA. 33 U.S.C. § 1365. Sixty days prior to initiating such a suit, a plaintiff must have given notice of the alleged violation to (i) the administrator of the Environmental Protection Agency ("EPA"), (ii) the state in which the alleged violation has occurred, and (iii) any alleged violator. *Id.* Similarly, under California laws, an individual can initiate a private action so long as the action is commenced "more than 60 days from the date that the person has given notice of an alleged violation" to the Attorney General, the district attorney or other prosecutor in whose jurisdiction the violation is alleged to have occurred, and the alleged violator. Cal. Health & Safety Code § 25249.7.

On or about May 13, 2016, plaintiff provided written notice to defendants, informing defendants of its intention to file suit against them for violating the CWA. (FAC ¶ 2.) Plaintiff also mailed a copy of the same to the administrator of the EPA, the EPA administrator for Region IX, the executive director of the State Water Resources Control Board, and the executive officer of the Regional Water Quality Control Board. (*Id.*) On June 2, 2016, plaintiff provided notice to the

---

[2] In connection with their motion to dismiss, defendants also filed a request for judicial notice ("RJN") and a supplemental request for judicial notice ("SRJN") of the following documents: (1) Exhibit A, excerpted pages from the State of California Franchise Tax Board's "Revoked Exempt Organization List"; (2) Exhibit B, Business Entity Detail Report; (3) Exhibit C, letter from plaintiff's counsel dated August 23, 2016; (4) Exhibit D, email from plaintiff's counsel dated September 14, 2016; (5) SRJN Exhibit A, Brief, *Californians for Alternatives to Toxics v. Hilfiker Pipe Co.*, No. 16-CV-04152-JST (N.D. Cal.), filed December 12, 2016. Plaintiff does not oppose. The Court takes judicial notice of such documents, and affords each its proper evidentiary weight.

1   defendants of its intent to sue for violations of analogous California laws.  (*Id.* at ¶ 6.)  Plaintiff
2   also sent such letter to the California Attorney General and the District Attorney for the relevant
3   county.  (*Id.*)  Plaintiff then initiated this action on July 15, 2016 raising only claims under the
4   CWA, and then filed an amended complaint on August 8, 2016 adding the state law claim.  (Dkt.
5   Nos. 1, 9.)

6   Defendants do not contend that any deficiencies exist with regards to the contents of the
7   notices, the recipients of the notices, or the timing of the filing of the complaint and amendment
8   thereof.  Rather, defendants argue that the notices themselves are ineffective because at the time
9   the notices were issued, plaintiff's status as a corporation was suspended.  More specifically:
10  State of California records indicate that on March 1, 2016, plaintiff's status as a non-profit
11  corporation was revoked by the Franchise Tax Board ("FTB").  (RJN Exs. A, C.)  On March 16,
12  2016, plaintiff was listed as a "suspended corporation" by the California Secretary of State.  (RJN
13  Exs. B, D.)  Plaintiff avers that it first learned of such facts on August 18, 2016.  (Dkt. No. 38,
14  Declaration of Clary ¶ 8.)  Plaintiff subsequently submitted an application for a certificate of
15  revivor with the FTB, which then changed plaintiff's status back to "active" on September 12,
16  2016.  (*Id.* at ¶ 9.)  Plaintiff is still in the process of recovering its tax exempt, non-profit status.
17  Defendants concede that plaintiff has reclaimed its "active" status but contends that such is
18  insufficient to cure the defects they argue deprive this Court of subject matter jurisdiction.

19  **II.    LEGAL STANDARD**

20  A motion to dismiss pursuant to Rule 12(b)(1) is a challenge to the court's subject matter
21  jurisdiction.  "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause
22  lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins.Co. of Am.*, 511 U.S. 375,
23  377 (1994).  The party invoking the jurisdiction of the federal court bears the burden of
24  establishing that the court has the requisite subject matter jurisdiction to grant the relief requested.
25  *Id*.  A challenge pursuant to Rule 12(b)(1) may be facial or factual.  *See White v. Lee*, 227 F.3d
26  1214, 1242 (9th Cir. 2000).  In a facial attack, the jurisdictional challenge is confined to the
27  allegations pled in the complaint.  *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).
28  The challenger asserts that the allegations in the complaint are insufficient "on their face" to

1    invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
2    To resolve this challenge, the court assumes the allegations in the complaint are true and draws all
3    reasonable inferences in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362.
4    Additionally, when all federal claims are dismissed before trial, the Ninth Circuit has held that
5    "pendent state claims also should be dismissed." *Jones v. Cmty. Redevelopment Agency of the*
6    *City of Los Angeles*, 733 F.2d 646, 651 (9th Cir. 1984).

**III.   DISCUSSION**

Compliance with the notice requirements under the CWA is a mandatory "prerequisite to a citizen enforcement action." *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 998 (9th Cir. 2000); *Waterkeepers N. Cal. v. AG Indus. Mfg., Inc.*, 375 F.3d 913, 916 (9th Cir. 2004) ("[C]ompliance with this notice provision is required for jurisdiction."). In order to comply, a plaintiff must send such notice containing all the technical requirements along with "sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, . . . [and] the date or dates of such violation." *Waterkeepers*, 375 F.3d at 916 (citations omitted).

Defendants do not challenge the sufficiency of the notices sent. Rather, defendants contend that plaintiff had no authority to send such letters because the corporation was deemed "suspended" at the time the notices were sent and at the time the complaint was filed and subsequently amended. Defendants argue that, under California law, a suspended corporation forfeits its corporate powers, rights, and privileges (*see* Cal. Rev. & Tax Code §§ 23301, *et seq.*), including the right to sue, defend, or appeal from an adverse decision (*see Boyle v. Lakeview Creamery Co.*, 9 Cal. 2d 16, 18–20 (1937)). Therefore, because plaintiff was a suspended corporation, it had no authority to send a notice to defendants nor did it have the authority to initiate legal action.

Plaintiff counters that the California Supreme Court has held that certain corporate actions, such as filing a lawsuit, are validated retroactively once the corporation's status is revived. *Bourhis v. Lord*, 56 Cal. 4th 320 (2013). In *Bourhis*, the party at issue had filed a timely notice of appeal, but was, at the time, suspended by the FTB. *Id.* at 323. Months after the notice of appeal

4

1  had been filed, the FTB revived the party's status as an active corporation. *Id.* at 329.  The

2  California Supreme Court then held that the revival of such status validates retroactively the notice

3  of appeal. *Id.*  The California Court of Appeal addressed an even more analogous situation in

4  *Center for Self-Improvement v. Lennar Corp.*, 173 Cal. App. 4th 1543, 1549 (2009).  There, the

5  plaintiff was also suspended by the FTB at the time it sent its notice letter, pursuant to the

6  California Health & Safety Code. *Id.* at 1550.  The plaintiff did not obtain a certificate of revivor

7  until seven months after it had served the notice and four months after it had filed the complaint.

8  *Id.*  Nevertheless, the court that such revival retroactively validated the notice and the filing of the

9  complaint. *Id.* at 1556–57.

10  The Court agrees with plaintiff.  Defendants have cited no authority indicating that a notice

11  pursuant to the CWA is rendered invalid and irredeemable on the basis of plaintiff's status as a

12  suspended corporation.  Defendants' invocation of cases that require strict compliance with the

13  CWA's notice requirements does nothing to advance their position because defendants have not

14  identified any requirements, which plaintiff has violated.  Rather, such cases emphasize that the

15  purpose of strict compliance with the notice requirements is to provide the alleged violator an

16  "opportunity to bring itself into complete compliance with the Act and thus likewise render

17  unnecessary a citizen suit." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484

18  U.S. 49, 60 (1987).  Such purpose would not be frustrated by the circumstances present here.

19  Further, defendants' attempts to distinguish plaintiff's authorities do not persuade.[3]  Thus, the

20  Court finds that the notices issued here satisfy the requirements of the CWA since plaintiff's status

21  as an "active" corporation has been revived. *See Ctr. for Self-Improvement*, 173 Cal. App. 4th at

---

[3] Defendants argue that such cases are inapposite because they do not speak to the jurisdictional requirements under the CWA but rather address state law.  However, defendants' very arguments rely on the application of state law to deprive plaintiff of its capacity to issue the notices here.  Additionally, on questions of state law, such as the powers and privileges of a corporation domiciled in the state, federal courts defer to pronouncements by state courts. *Bozzio v. EMI Grp. Ltd.*, 811 F.3d 1144, 1151 (9th Cir. 2015).  Further, defendants argue that *Center for Self-Improvement* is distinguishable because the notice requirement in Health & Safety Code section 25249.7 is not jurisdictional, as here, but rather a "mandatory precondition to bringing a citizen enforcement suit." *Ctr. for Self-Improvement*, 173 Cal. App. 4th at 1554.  However, in light of the California Supreme Court's holding in *Bourhis*, such distinction does not appear to be meaningful.

1557 ("The only issue is [plaintiff's] suspended corporate status at the time of giving notice and filing the complaint.  Since revivor cures defects in the complaint related to corporate disability, it follows that it would cure such technical defect as it affects the notice letter.  We also bear in mind that notwithstanding [plaintiff's] incapacity at the time of sending the notice letter, *the notice itself had a life of its own*; it reached the respondents and the public prosecutors, and the public prosecutors declined within 60 days to commence a public action.  All the statutory purposes were fulfilled." (emphasis in original)).[4]  Accordingly, the Court **DENIES** defendants' motion to dismiss.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** defendants' motion to dismiss for lack of subject matter jurisdiction.  The Court **VACATES** the hearing currently set on this motion for January 10, 2017.

This Order terminates Docket Number 31.

**IT IS SO ORDERED.**

Dated:  January 4, 2017

_____
**YVONNE GONZÁLEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] Defendants also argue that, even if the revival of plaintiff's "active" status were sufficient, somehow the fact that plaintiff's non-profit status has not been reinstated renders the notices ineffective because plaintiff described itself as such in the notices.  However, defendants again fail to explain which notice requirement this "deficiency" violates.

6